UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SCOTT GRANTHAM,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 2:25-cv-04760-SVW-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On May 27, 2025, Tony Scott Grantham ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. ("Petition" at Dkt. 1.)[1] As discussed more fully below, the Court orders Petitioner to show cause why the Petition should not be dismissed as untimely.

## I.
## BACKGROUND

The following facts are taken from the Petition, from the Court's own

---

[1] May 27, 2025, is the date the Court received the Petition. (Dkt. 1.) The Court does not apply the prison mailbox rule because it appears Petitioner was on parole and not in physical custody when he filed the Petition.

1

records, or from public records.[2]  Where necessary, the Court takes judicial notice of the latter.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

The Petition challenges the sentence Petitioner received in 2022 after pleading nolo contendere to criminal charges involving burglary in Los Angeles County Superior Court ("LASC") case no. SA105795.  (Dkt. 1 at 2.)  In 2023, the California Court of Appeal summarized the sentence imposed in Petitioner's criminal case, as follows:

> In March 2022, defendant and appellant Tony Scott Grantham pled no contest to one count of first degree burglary (Pen. Code, § 459), one misdemeanor count of receiving stolen property not exceeding $950 in value (§ 496, subd. (a)) and one misdemeanor count of possession of personal identification information with intent to defraud (§ 530.5, subd. (c)(1)).  Defendant also admitted someone was present in the residence during the commission of the burglary (§ 667.5, subd. (c)(21)).  Defendant waived his rights.  Counsel joined in the waivers and stipulated to a factual basis for the plea.  The court found defendant's waivers to be knowingly and voluntarily made, accepted defendant's plea and found him guilty of all three counts.
>
> The court struck defendant's strikes based on their age and because defendant did not physically confront the homeowner or

---

[2] The public records of the California appellate courts are available at: https://appellatecases.court info.ca.gov.

2

|    |                                                                                       |
|----|---------------------------------------------------------------------------------------|
| 1  | engage in violence.  In accordance with the plea agreement, the court                 |
| 2  | imposed the high term of six years on count 1 and imposed concurrent                  |
| 3  | one-year sentences on each of counts 2 and 3.  The court awarded                      |
| 4  | defendant 99 days of presentence custody credits (86 actual and 13                    |
| 5  | conduct).  The court imposed a $300 restitution fine, and imposed and                 |
| 6  | stayed a $300 parole revocation fine on count 1.  The court imposed                   |
| 7  | court operations and criminal convictions assessments on each count in                |
| 8  | accordance with Penal Code section 1465.8 and Government Code                         |
| 9  | section 70373.                                                                        |

People v. Grantham, No. B320128, 2023 Cal. App. Unpub. LEXIS 1804, at *1-2 (Mar. 28, 2023).  On the same day as the sentencing, the trial court also considered a probation violation case.  (Dkt. 1 at 90 (reporter's transcript).)  Petitioner told the court that he had served a year in the county jail for the probation violation.  (Id.)  The judge told Petitioner, "I'm not going to give you more time on this.  I'm going to terminate your probation."  (Id.)  After Petitioner waived his right to a hearing on whether he had violated probation, the judge pronounced, "The Court finds [Petitioner] in violation and terminates probation in lieu of the sentence – I shouldn't say 'in lieu of' because of the sentence to prison on the open case," referring to the burglary case.  (Id. at 91.)

      Petitioner appealed to challenge his sentence.  Appointed counsel filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979) raising no issues.  Grantham, 2023 Cal. App. Unpub. LEXIS 1804, at *2.  Petitioner did not file a supplemental brief.  The Court of Appeal examined the record and found "no arguable appellate issues," in a decision dated March 28, 2023.  Id. at *3.

      In December 2023, Petitioner filed his first state habeas petition with the LASC.  ("LASC Pet. #1" at Dkt. 1 at 136-39.)  As claims for relief, Petitioner alleged, "the midterm was the maximum sentence by law."  (Id. at 137.)  Petitioner also alleged he was "entitled to half time credit rate" to avoid "double jeopardy" by

imposing multiple enhancements (i.e., the high term *and* a reduced rate of earning good conduct credit for violent offenders) for the same offense. (Id.)

The LASC summarized the two claims as contentions that (1) Petitioner was "unlawfully sentenced to the high term" and (2) he "should have received 50% conduct credits." (Dkt. 1 at 116.) On January 3, 2024, the LASC denied this petition for several procedural reasons, including that it was unreasonably delayed and raised issues that Petitioner could have raised on direct appeal. (Id. at 117.) The LASC also reached the merits of Petitioner's claims. The LASC explained that by challenging the imposition of the high term, he was challenging "an agreed-upon disposition," a challenge waived by his plea agreement. (Id.) The LASC also explained that Petitioner was not entitled to good conduct credits calculated at 50%. Instead, "he was sentenced on a 1st degree burglary, person present" charge, which is "a violent felony" under California law. (Id. at 118.) "Conduct credits for violent felonies are limited to 15%, not 50%." (Id.)

In May 2024, Petitioner filed a second habeas petition with the LASC. ("LASC Pet. #2" at Dkt. 1 at 102.) The LASC summarized the claims raised in LASC Pet. #2 as claims that he was "unlawfully sentenced to the high term" and "should have received 50% conduct credits," i.e., the same claims raised in LASC Pet. #1. (Id. at 105.) On May 24, 2024, the LASC denied LASC Pet. #2 for the same reasons it denied LASC Pet. #1, adding that the second petition was procedurally defective because it was duplicative. (Id. at 102-05.)

In June 2024 after receiving this denial, Petitioner wrote a letter to the LASC disagreeing with their denial. He disputed that he had "bargained" with the trial court over his sentence. (Id. at 96.) He disagreed that his conviction was for a violent felony because it "was not a home invasion case." (Id.) He also noted that the prosecutor had offered a different deal that involved imposition of the midterm rather than the high term, although without striking priors. (Id.)

Next, on June 30, 2024, Petitioner constructively filed a habeas petition in

California Court of Appeal case no. B339081. (Id. at 79 (signed on June 30, 2024).) It raised two claims: Claim One for "illegal sentence" stated, "Petitioner is serving an illegal sentence double enhanced to 85% …" (id. at 76) and Claim Two for Concurrent/Coterminous Sentencing stated, "Petitioner has not received 'all' time served/good time/work time credits …." (Id. at 78). On July 19, 2024, the appellate court denied the petition for failure to state a prima facie case for habeas relief. (Dk. 1 at 43.)

In January 2025, Petitioner filed a habeas petition with the California Supreme Court. (Dkt. 1 at 17.) It raised the same two claims that he had raised at the Court of Appeal. (Id. at 20-21.) In May 2025, the California Supreme Court summarily denied this habeas petition. (Dkt. 1 at 10); In re Grantham, No. S288706, 2025 Cal. LEXIS 2765, at *1 (May 14, 2025).

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Under this rule, district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 202 (2006). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id.

A.   **AEDPA'S One-Year Statute of Limitations.**

    1.   **Legal Standard.**

This action is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides as follows:

    **(d) (1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Thus, AEDPA "establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition." Jimenez v. Quarterman, 555 U.S. 113, 114 (2009). The statute of limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' [for purposes of § 2244(d)(1)(A)] on the date that the time for seeking such review expires." Gonzalez v. Thaler, 565 U.S. 134, 137 (2012). To seek review in the California Supreme Court, a litigant must file a petition for review within ten days after the California Court of Appeal decision becomes final. See Cal. R. App. P. 8.500(e). A decision of the California Court of Appeal generally becomes final thirty days after it is filed. See Cal. R. App. P. 8.264(b)(1).

## 2. Statute of Limitations Analysis.

Petitioner was sentenced in 2022. (Dkt. 1 at 2.) Petitioner appealed, and the Court of Appeal issued its decision affirming his sentence on March 28, 2023. Grantham, 2023 Cal. App. Unpub. LEXIS 1804. Plaintiff did not seek review by the California Supreme Court. See California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/ (select "Supreme Court" and search last name "Grantham," first name "Tony," and middle name "Scott"). Thus, the Court of Appeal's decision became final on April 27, 2023. See Cal. R. App. P. 8.264(b)(1). For purposes of AEDPA, Petitioner's judgment of conviction became final ten days later when he failed to file a petition for review in the California Supreme Court, i.e., on Sunday, May 7, extended to the next court day, which was May 8, 2023. Thus, Petitioner needed to file his § 2254 petition by May 8, 2024. Petitioner filed the instant Petition on May 27, 2025, more than one year after the limitation period expired. (Dkt. 1.) The Petition, therefore, appears untimely unless some form of tolling applies.

## B. Statutory Tolling.

### 1. Legal Standard.

AEDPA provides for statutory tolling, as follows:

> The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court has interpreted this language to mean that AEDPA's statute of limitations is tolled from the time the first state habeas petition is properly filed until the California Supreme Court rejects a petitioner's final collateral challenge, so long as the petitioner has not unreasonably delayed during the gaps between sequential filings. Carey v. Saffold, 536 U.S. 214, 219-21 (2002) (holding that, for purposes of statutory

tolling, a California petitioner's application for collateral review remains pending during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003).

As noted above, AEDPA's statute of limitations is only statutorily tolled while a "*properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending…." 28 U.S.C. § 2244(d)(2) (emphasis added). A state post-conviction application is not "properly filed," and thus does not qualify for Section 2244(d)(2) tolling, if it is untimely under state law. See Evans v. Chavis, 546 U.S. 189, 192-201 (2006) (state petitions held to be untimely under California law were not properly "pending"); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (quotation marks omitted). Under California law, a state habeas petition is timely only if it is filed within a "reasonable time." Evans, 546 U.S. at 192. To evaluate reasonableness, California courts require habeas petitioners to "explain and justify any significant delay in seeking habeas corpus relief." In re Clark, 5 Cal. 4th 750, 765 (1993).

The burden of demonstrating that AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. See, e.g., Pace, 544 U.S. at 418; Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010).

### 2. Statutory Tolling Analysis.

Neither LASC Pet. #1 nor LASC Pet. #2 creates statutory tolling because neither petition was properly pending. First, Petitioner constructively filed LASC Pet. #1 on December 19, 2023, several months before the expiration of the AEDPA

statute of limitations. (Dkt. 1 at 139 (signature date).) On January 3, 2024, the LASC denied the petition, in part because it was "untimely, and Petitioner fail[ed] to explain and justify the significant delay in seeking habeas corpus relief." (Id. at 117 (citations omitted).) The LASC further noted, "Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." (Id. (citing In re Robbins, 18 Cal.4th 770, 780 (1998)).)

"[I]f a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005). Petitioner does not argue that the LASC should have found his petition timely or provide any additional reasons for why he could not have filed LASC Pet. #1 earlier. (Dkt. 1 at 4.) Regardless, it is not the role of this Court to review for error the state courts' determination that LASC Pet. #1 was untimely under California law. Pace, 544 U.S. at 414 (holding that for purposes of determining statutory tolling, the "end" of the federal courts' inquiry is whether the state courts found the petition untimely). Therefore, Petitioner's untimely first state petition does not create statutory tolling.

Second, on May 20, 2024,[3] Petitioner filed LASC Pet. #2. (Dkt. 1 at 101.) Four days later, the LASC again denied the petition as untimely, among other reasons. (Id. at 102-03.) Because the California courts unambiguously denied this petition as untimely, Petitioner is not entitled to statutory tolling under Section 2244(d)(2), and his AEDPA statute of limitations expired in April 2024, absent equitable tolling.

Petitioner did not constructively file his next state habeas petition with the

---

[3] The signature date on the second state petition is May 29, 2024. (Dkt. 1 at 101.) However, the LASC denied the petition on May 24, 2024. (Id. at 102-05.) The LASC noted that Petitioner filed the second state petition on May 20, 2024. (Id. at 102.) Therefore, the Court uses this as the date on which LASC Pet. #2 was filed.

9

Court of Appeal until June 30, 2024. (Id. at 74-83.) This was after his AEDPA filing deadline of May 8, 2024, had expired. (See Section II(A)(2).) Therefore, this petition and any subsequent state petitions cannot create tolling for Petitioner.

**C.    Equitable Tolling.**

    **1.    Legal Standard.**

AEDPA's one-year limitation period is subject to equitable tolling if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc) (rejecting a "stop-clock approach" to equitable tolling). In other words, "it is not enough for a petitioner seeking an exercise of equitable tolling to attempt diligently to remedy his extraordinary circumstances; when free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." Id. at 599.

"The diligence required for equitable tolling purposes is reasonable diligence … not maximum feasible diligence," Holland, 560 U.S. at 653 (citations and quotation marks omitted), and courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011); see also Smith, 953 F.3d at 600-01 (emphasizing that the doctrine "does not impose a rigid 'impossibility' standard on litigants, especially not on 'pro se prisoner litigants—who have already faced an unusual obstacle beyond their control during the AEDPA limitation period,'" but noting that it usually "requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court") (citation

1 | omitted).

2 |   "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is
3 | very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063,
4 | 1066 (9th Cir.), <u>cert. denied</u>, 537 U.S. 1003 (2002).  Consequently, equitable tolling
5 | will be justified in few cases.  <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).
6 | "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the
7 | doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his
8 | way' suggests that an external force must cause the untimeliness, rather than, as we
9 | have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part,
10 | all of which would preclude the application of equitable tolling.'" <u>Waldron-
11 | Ramsey v. Pacholke</u>, 556 F.3d 1008, 1011 (9th Cir. 2009).

12 |   **2. Equitable Tolling Analysis.**
13 |    a. Petitioner Has Not Been Pursuing His Rights Diligently.
14 |   The record shows significant delays between decisions at the state court level
15 | and Petitioner's subsequent filings and appeals.  For example, Petitioner did not file
16 | LASC Pet. #1 until December 19, 2023, even though the Court of Appeal denied
17 | his direct appeal on March 28, 2023, almost nine months earlier.  <u>Grantham</u>, 2023
18 | Cal. App. Unpub. LEXIS 1804 (<u>see</u> <u>also</u> Dkt. 1 at 136-39 (LASC Pet. #1)).
19 | Petitioner also did not file LASC Pet. #2 until May 20, 2024, over four months after
20 | the LASC denied LASC Pet. #1 on January 3, 2024.  (<u>Id.</u> at 116-18, 101.)
21 | Petitioner did not file his habeas petition with the California Supreme Court until
22 | December 25, 2024, over six months after the Court of Appeal denied his petition
23 | on July 19, 2024.  (<u>Id.</u> at 43, 17-33.)  Without explanations for these unreasonable
24 | delays, the Court cannot find that Petitioner had been pursuing his rights diligently
25 | prior to filing the instant Petition.  Furthermore, the LASC noted that Petitioner
26 | could have raised many of the arguments in his state habeas petitions on direct
27 | appeal but failed to do so.  (<u>Id.</u> at 117.)
28 |

### b. No Extraordinary Circumstance Stood In Petitioner's Way And Prevented Timely Filing.

Petitioner has not yet identified any reasons for why he did not timely file either the state court petitions or the instant Petition. (Dkt. 1 at 1-8.)

**D.** **Actual Innocence.**

**1.** **Legal Standard.**

Under Schlup v. Delo, 513 U.S. 298 (1995), "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011). However, "[i]n order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases … implicating a fundamental miscarriage of justice." Id. at 937 (internal quotation marks and citations omitted). While a petitioner is not required to proffer evidence creating an "absolute certainty" about his innocence, the Schlup gateway is an "exacting standard" that permits review only in the "extraordinary case." Id. at 938; see also House v. Bell, 547 U.S. 518, 538 (2006) ("[I]t bears repeating that the Schlup standard is demanding and permits review only in the 'extraordinary' case.").

Specifically, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 327). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Lee, 653 F.3d at 938-39 (quoting Schlup, 513 U.S. at 316). Further, a petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence—that was not presented at trial." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 324). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also United States v. Ratigan, 351 F.3d 957, 965 (9th Cir. 2003).

"[T]he gateway actual-innocence standard is 'by no means equivalent to the standard of Jackson v. Virginia, 443 U.S. 307 (1979),' which governs claims of insufficient evidence." House v. Bell, 547 U.S. 518, 538, 126 S. Ct. 2064, 2078, 165 L. Ed. 2d 1 (2006) (quoting Schlup; parallel citations omitted).

### 2.     Actual Innocence Analysis.

Petitioner does not claim actual innocence, nor does he challenge his convictions. Instead, he challenges the validity of his sentence. (Dkt. 1 at 2-5.) Even if Petitioner were to bring an actual innocence claim, this would fail because he pled nolo contendere to criminal charges involving burglary in his LASC criminal case and there are no "extraordinary circumstances" that would support such a claim. (Dkt. 1 at 2); see also Lee, 653 F.3d at 938. "A plea of nolo contendere is 'an agreement on the part of the defendant that the fact charged may be considered as true for purposes of the particular case wherein it is entered.'" People v. Sanford, 202 Cal.App.3d Supp. 1, at *4 (Apr. 13, 1988) (quoting Caminette v. Imperial Mut. L. Ins. Co., 59 Cal.App.2d 476, 491 (1943)). In Petitioner's case, "[t]he court found defendant's waivers to be knowingly and voluntarily made, accepted defendant's plea and found him guilty of all three counts." Grantham, 2023 Cal. App. Unpub. LEXIS 1804, at *1. This shows that Petitioner's case is not the type of "extraordinary case" that could give rise to an actual innocence claim. See Lee, 653 F.3d at 938.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that, **on or before August 14, 2025**,

13

Petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.

DATED: July 14, 2025

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE